IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD DARON KENNEDY, # 196984, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No.2:16cv998-WHA |
| ) | (WO) |
| JOHN R. LOCKETT, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a petition for writ of habeas corpus filed by Richard Daron Kennedy ("Kennedy"), a state inmate incarcerated at Elmore Correctional Facility in Elmore, Alabama. Doc. 1. Kennedy presents claims challenging his 1998 convictions in the Mobile County Circuit Court on charges of murder and child abuse, for which he was sentenced to consecutive terms of life imprisonment and ten years. He argues, among other things, that there is newly discovered evidence of his actual innocence, that his conviction was obtained in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), that imposition of his sentence was unlawful, and that he is entitled to a new trial.

**DISCUSSION**

Because a state prisoner seeking to challenge his conviction or sentence must do so through a petition for writ of habeas corpus under 28 U.S.C. § 2254, *see, e.g., Cook v. Baker*, 139 Fed.App'x 167, 168 (11th Cir. 2005), Kennedy's instant petition, which Kennedy styles as a Petition for Writ of Habeas Corpus, should be construed as a petition for writ of habeas

corpus under 28 U.S.C. § 2254.[1]

Title 28 U.S.C. § 2241(d) allows Kennedy to bring a § 2254 petition in either (a) the district court for the district wherein he is in custody (here, the Middle District of Alabama, where Elmore Correctional Facility is located), or (b) the district court for the district within which the state court that convicted and sentenced him was held (here, the Southern District of Alabama, where Mobile County is located). Section 2241(d) provides that this court "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's § 2254 petition to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." 28 U.S.C. § 2241(d); *see also* 28 U.S.C. § 1404(a) ("[I]n the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought.").

Kennedy challenges the constitutionality of his incarceration, which is based on a sentence imposed by the Mobile County Circuit Court, claiming he is actually innocent of his convictions for murder and child abuse and requesting his release from confinement based on newly discovered evidence and an alleged *Brady* violation. Mobile County,

---

[1] A writ of habeas corpus may issue to a prisoner under 28 U.S.C. § 2241 if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Title 28 U.S.C. § 2254 "applies to a subset of those to whom § 2241(c)(3) applies." *Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004). This section "applies to 'a person in custody *pursuant to the judgment of a State court*' who is 'in custody in violation of the Constitution or law or treaties of the United States.'" *Id*. (quoting § 2254(a)) (emphasis in original). While "the habeas corpus remedy is authorized by § 2241," it is "also subject to § 2254 and all of its attendant restrictions." *Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be [another kind of habeas] petition." *Thomas*, 371 F.3d at 787.

Alabama, is within the jurisdiction of the United States District Court for the Southern District of Alabama.  Because the matters complained of by Kennedy stem from his convictions and sentence imposed by the Mobile County Circuit Court, and since the records related to Kennedy's conviction and sentence are located in Mobile County, this court finds that the furtherance of justice and judicial economy will be best served by transferring this case to the United States District Court for the Southern District of Alabama for review and disposition.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before January 19, 2017.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions

accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of January, 2017.

> /s/Charles S. Coody
> CHARLES S. COODY
> UNITED STATES MAGISTRATE JUDGE